UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MATHEAU MONZON                                         Index No.: 24-CV-481

                        Plaintiff,          **COMPLAINT**

    -against-                                         Plaintiff Demands Trial by Jury

CITY OF NEW YORK,
POLICE OFFICER JOHN DOE #1 and
POLICE OFFICER JOHN DOE #2,

                       Defendants.
-----------------------------------------------------------------X

      Plaintiff, MATHEAU MONZON, by and through his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK, POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff, MATHEAU MONZON, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded

## PARTIES

5. Plaintiff is a United States citizen of full age.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendant POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

8. Defendant POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

## STATEMENT OF FACTS

9. On or about August 3, 2023, at approximately 10:00 P.M., in the vicinity of E. 115th Street and Lexington Avenue in Manhattan, near the entrance to the James Weldon Johnson Houses, plaintiff MATHEAU MONZON was lawfully riding a non-motorized scooter when he noticed that police officers, including the defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2, were observing him from a pair of unmarked cars.

10. Plaintiff then crossed through the housing project and exited at E. 115th Street and Park Avenue.

11. As he exited, plaintiff observed the same two unmarked police cars. He then saw defendant POLICE OFFICER JOHN DOE #1 exit one of the cars and start to run in his direction.

12. Plaintiff turned and began to ride away when suddenly one of the police vehicles, driven by POLICE OFFICER JOHN DOE #2, approached rapidly and struck him, knocking him to the ground.

13. Officers, including defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2, exited from the unmarked vehicles and immediately descended upon plaintiff, handcuffing him and taking him into custody.

14. Plaintiff was then placed in a police vehicle and transferred to the 23rd Precinct, where he was placed in a cell.

15. Plaintiff remained in a cell at the 23rd Precinct for a period of time before he was eventually released with a Desk Appearance Ticket charging him with reckless operation of a bicycle in violation of New York City Administrative Code Sec. 19-176(c) and requiring him to appear in court on August 23, 2023.

16. Upon information and belief, defendant POLICE OFFICER JOHN DOE #1 was the arresting officer.

17. When plaintiff appeared in Court to answer the summons, he was informed that defendant P.O. JOHN DOE #1 never filed the Desk Appearance Ticket with the Court and that he was free to go.

18. As a result of the illegal use of force by P.O. JOHN DOE #2, who purposely and recklessly struck plaintiff with a vehicle, plaintiff did suffer serious physical injury, including but not limited to a fractured right wrist.

19. As a result of the illegal use of arrest power by P.O. JOHN DOE #1, plaintiff did suffer injury, including but not limited to the loss of liberty and the violation of his constitutional right to be free from arrest without probable cause.

## AS FOR A FIRST CAUSE OF ACTION

***Excessive Force as against defendant POLICE OFFICER JOHN DOE #2 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983***

20. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

21. At all times during the events described above defendant JOHN DOE #2 lacked probable cause to use force against plaintiff.

22. All of the aforementioned acts of defendant JOHN DOE #2 were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

24. The acts complained of were carried out by defendant JOHN DOE #2 in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

25. The acts complained of resulted in serious physical injury to plaintiff.

26. The acts complained of deprived plaintiff of his constitutional right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*False Arrest as against defendant JOHN DOE #1 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

27. Plaintiff repeats, reiterates and re-asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herin.

28. At all times during the events described above defendant JOHN DOE #1 lacked probable cause to arrest plaintiff.

29. All of the aforementioned acts of defendant JOHN DOE #1 were carried out under the color of state law.

30. The aforementioned arrest deprived plaintiff of rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The arrest complained of was carried out by defendant JOHN DOE #1 in their capacity as a police officer, with all actual and/or apparent authority afforded thereto.

32. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

33. The arrest complained of deprived plaintiff of his right to be free from false arrest.

34. At all times relevant to this complaint, defendant JOHN DOE #2 had an opportunity to observe plaintiff's unlawful arrest. He not only failed to intervene to put a stop to the unlawful abuse of arrest power by his colleague, he also chose to participate in it.

## AS FOR THIRD CAUSE OF ACTION

***Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK***

35. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

36. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

37. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

38. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and abuse of arrest power as described in this Complaint.

39. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: January 23, 2024
New York, NY

By: _/s/Alexis G. Padilla_
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*Matheau Monzon*
378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com